**OLIVAREZ MADRUGA, P.C.**
Thomas M. Madruga – SBN 160421
tmadruga@omlawyers.com
Joaquin Vasquez– SBN 282528
jvasquez@omlawyers.com
1100 South Flower Street
Suite 2200
Los Angeles, CA 90015
Tel: (213) 744-0099
Fax: (213) 744-0093

Attorneys for Plaintiff,
Zurich American Insurance Company

FILED
2014 AUG 28  PM 3:30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KATANA RACING, INC. and ATV, INC.<br><br>Defendants. | Case No.: CV 14-06758 JAK (PLAx)<br><br>**COMPLAINT** |

Plaintiff Zurich American Insurance Company, by way of Complaint against Defendants Katana Racing, Inc. and ATV, Inc., states as follows:

## PARTIES

1. Plaintiff Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is authorized to transact business in the State of California.

2. Defendant Katana Racing, Inc. ("Katana") is a domestic corporation organized under the laws of the State of California with a principal place of business at 16201 Commerce Way, Cerritos, California 90703.

3. Defendant ATV, Inc. ("ATV") is a domestic corporation organized under the laws of the State of California with a principal place of business at 16201 Commerce Way, Cerritos, California 90703.

## JURISDICTION

4. The amount in controversy between the parties is in excess of $75,000.

5. Jurisdiction is based in diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE

**(Breach of Contract)**

6. ZAIC repeats, restates and realleges the allegations of paragraphs 1 through 5 of this Complaint as if fully set for herein.

7. ZAIC issued a policy of worker's compensation and employers' liability insurance to Katana and ATV (collectively referred to as "Defendants") under Policy No. WC 9192682-02 for the effective dates of September 1, 2012 to September 1, 2013 ("the Policy").

8. The Policy is a written contract which provides insurance coverage for certain liabilities of Defendants, as defined by the Policy in exchange for premiums.

9. Pursuant to the terms of the Policy, initial premiums for the Policy are based on information submitted by Defendants regarding their estimated payroll for the effective dates of coverage.

10. Since initial premiums are based on estimated information, the Policy is subject to a post-expiration audit based on actual exposure (i.e. payroll) during the effective dates of coverage. The audit can result in additional or return premiums.

11. The audit of the Policy produced additional premiums of $855,039 owed by Defendants, jointly and severally, to Plaintiff.

12. Plaintiff issued an invoice for these additional premiums to Defendants in a timely fashion.

13. Defendants failed and refused to remit payment of the $855,039 which they owe, jointly and severally, to Plaintiff pursuant to the terms of the Policy. Through their failure and refusal, Defendants breached the contract between Plaintiff and Defendants, i.e. the Policy.

14. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policy.

15. Plaintiff, on numerous occasions prior to filing the instant litigation, demanded payment of the $855,039 owed by Defendants and attempted to collect same without success.

16. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby causing Plaintiff to suffer damages in the amount of $855,039, plus interest, attorney fees and litigation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $855,039 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO

### (Unjust Enrichment)

17. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

18. ZAIC has provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

19. Defendants have been unjustly enriched by the receipt of such coverage and services to ZAIC's detriment.

20. Plaintiff has repeatedly demanded that Defendants remit payment of the amounts due and owing to Plaintiff.

21. Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiff thereby causing Plaintiff to suffer damages in the amount of $855,039, plus interest, attorney fees and litigation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $855,039 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### Account Stated Against Defendants

22. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants, being indebted to ZAIC upon accounts stated between them, and having acknowledged such debt, promised to pay ZAIC upon demand.

24. ZAIC has repeatedly demanded that Defendants remit payment for the amount owed by Defendants to ZAIC. Defendants, however, have failed and refused to remit payment.

25. Defendants' failure and refusal to pay the acknowledged $855,039 balance due and owing to ZAIC has caused ZAIC to incur damages in the amount of $855,039, plus interest, attorney fees and costs.

**WHEREFORE**, ZAIC demands judgment against Defendants, jointly and severally, in the amount of $855,039 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

Dated:   August 28, 2014                    **OLIVAREZ MADRUGA, P.C.**

                                            By: _____
                                            THOMAS M. MADRUGA
                                            Attorneys for Plaintiff
                                            *Zurich American Insurance Company*